Richard P. GHOLSON, Appellant,

v.

Joyce GHOLSON, Appellee.

Court of Appeals of Kentucky.

Nov. 6, 1964.

David R. Reed, Tyler C. Bourne, Paducah, for appellant.

Robert Hines, Jr., Joseph S. Freeland, Paducah, for appellee.

WILLIAMS, Judge.

This is an appeal from an order of the McCracken Circuit Court dismissing a husband's petition for modification of a divorce judgment granting custody of the children to the wife.

The order appealed from was entered as the result of a motion for summary judgment. Summary judgment was not appropriate here because the court necessarily had to make a factual determination regarding change of conditions. However, both parties have treated the order as if it were made pursuant to a motion to submit, and we shall do likewise.

Three depositions were taken by the husband; his own, that of a friend of his former wife, and that of her housekeeper. They show that the former wife lived in an apartment where she kept her three children. The housekeeper stayed with the children during the day while their mother worked, and stayed with them in the evening when their mother went out. The former wife went out on dates fairly often. On one occasion she went to Memphis with a man named Kleet where they stayed in the same motel. Another time she met him in St. Louis where they stayed in the same hotel. No improper relations were admitted by Kleet.

The husband visited on many occasions with the children and their mother. He would occasionally baby-sit with the children when the mother went out in the evening, and apparently had several of his meals with them. Twice he called his wife when he knew her to be in the apartment of another man and she willingly talked to him on the telephone. It was his wish that the two could be remarried and, as recently as two weeks prior to filing the petition for modification, he had asked her to marry him.

The circuit court apparently did not see any change in conditions in the behavior of the wife. He may have concluded that the husband did not really feel the wife was an improper person to have custody of the children by virtue of the fact he kept attempting to remarry her. We do not know what prompted his conclusion, but we are convinced that the proof is not sufficient to declare it clearly erroneous.

Judgment affirmed.